UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>CHARLES WAYNE YOUNG,<br><br>        Defendant. | Case No.  15-cr-00410-VC-1<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>Re: Dkt. Nos. 38-44 |

Emergency Motion to Continue Trial

The parties should provide the Court with any updates regarding funds to facilitate the availability of Sandra Blevins.  By September 28, 2016 at noon, the defense shall file a brief on the admissibility of testimony by Ms. Blevins and Johnny Gallo.  The government shall respond by September 28, 2016 at 7:00 p.m.

Emails

For the reasons given at the pretrial conference, the following rulings apply to the emails presented by the government.  All in limine exclusions are without prejudice to reconsideration based on what happens at trial:

- Ex. 36, CWY 498-499 are admissible by stipulation of the parties.
- Ex. 36, CWY 500-506: These pages are admissible.  The defense shall submit a proposed limiting instruction, including any objections from the government, by September 29, 2016.
- Ex. 36, CWY 507-523 are admissible by stipulation of the parties.
- Ex. 36, CWY 524-527: These pages are excluded assuming the defendant stipulates to

the interstate connection elements of the charges.

- Ex. 36, CWY 528-538: These pages are excluded, subject to revisiting before trial if they are sufficiently similar to statements Young made in connection with his 2008 conviction.
- Ex. 36, CWY 539 is admissible by stipulation of the parties
- Ex. 36, CWY 540-46: These pages are admissible so long as they are redacted as discussed at the hearing.
- Ex. 36, CWY 547-53 are admissible by stipulation of the parties.
- Ex. 37, CWY 491-94: These pages are admissible because the story forms part of the conversation between the gaybatman64 and aleksandermirkov email accounts that resulted in the transmission of the images of child pornography.
- Ex. 42, CWY 894-896: Though the parties did not discuss these pages at the pretrial conference, they appear admissible so long as the portion of the second line of page 894 relating to Young's medical condition is redacted.  If there are other objections to admission of these pages, the defense may present them in court on Friday.
- Exs. 44, 46, CWY 920, 936: Ex. 46 is admissible by stipulation of the parties.  Ex. 44 is admissible.
- Ex. 52, CWY 1252 is admissible by stipulation of the parties.
- Ex. 53, CWY 1247, 1258-60, 1275: These pages are excluded as cumulative.
- Ex. 54, CWY 1185, 1194-96, 1123-24: These pages primarily contain duplicates of documents in other exhibits.  CWY 1196 is admissible.  CWY 1194 and CWY 1123-24 are excluded.
- Ex. 61: CWY 415 has been removed by the government.  CWY 417 is admissible by stipulation of the parties.
- Ex. 63, CWY 422, 430-33: CWY 422 is excluded, and the rest of the exhibit is admissible.
- Ex. 64, CWY 470 is admissible by stipulation of the parties.

- Ex. 65, CWY 447-48, 457, 464: The pages are admissible.  The video is tentatively excluded so long as the parties can agree on a brief stipulated description of the video including that it was filmed in the defendant's apartment.

Mr. Young's Convictions

Count 1 from the 2008 convictions, and the facts underlying the conviction on that count, are admissible to the extent that those facts are probative of the allegation that it was Mr. Young and not Mr. Blevins who possessed and transmitted child pornography in this case.  Counts 2 and 3 from the 2008 convictions, as well as the 1992 conviction, are excluded unless Mr. Young opens the door to their admission.

It is not possible to rule on the admissibility of evidence regarding the conduct underlying Mr. Young's 2008 conviction for transmission of child pornography, and the contents of the chat logs in particular, without reviewing them.  The government will provide two chambers copies of a submission similar to that which it provided for the email exhibits by September 27, 2016.

Mr. Blevins' Convictions

The government has agreed to make Mr. Blevins available, regardless of whether it calls him as a witness.  Mr. Blevins' 2005 sexual misconduct conviction and the conduct underlying it will be admissible under Fed. R. Evid. 404(b).  Mr. Blevins' 2011 theft and 2002 misdemeanor false report conviction will be admissible for impeachment purposes under Fed. R. Evid. 609.

Images

By the end of the day on September 29, 2016, the defense will propose stipulations with respect to the eight images that the government has chosen.  The Court will review the stipulations and images at that point.

Excluding Witnesses from the Courtroom

The government has identified Brian Ginn as its designated case agent.  He will testify first or second in the government's case in chief.  The government has indicated that Ramon Zaldarriaga will not be testifying.  All other potential witnesses except for Mr. Young are ordered excluded from the courtroom during testimony, evidentiary hearings, opening

statements, closing arguments, and hearings for pretrial motions. All witnesses are admonished not to read trial transcripts or discuss the case or their testimony with anyone other than counsel.

Stipulations by the Parties

In their motions in limine and responses, the parties resolved a number of issues. Those agreements are adopted in this order and included the following:

- Neither party has identified concerns with the other's compliance with Fed. R. Crim. P. 16. At the pretrial conference, the government was ordered to provide the defense with the grand jury testimony of witnesses who may testify at trial, and the government did so at the hearing. Both parties must continue to comply with Rule 16.
- The parties have agreed to the exclusion of the Google Cybertip (CWY 979-990).
- The following pages of emails are admissible by stipulation of the parties: CWY 407, 416, 447, 511-514.
- The email with Freddy Escobar regarding Clean Slate is excluded by agreement of the parties.

**IT IS SO ORDERED.**

Dated: September 27, 2016

_____

VINCE CHHABRIA
United States District Judge